■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNACIO AGUIRRE, Appellant. [692 NYS2d 325] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered December 4, 1990, convicting defendant, after a jury trial, of rape in the first degree (four counts) and sodomy in the first degree (four counts), and sentencing him to concurrent terms of 6 to 18 years on each rape conviction and 5 to 15 years on each sodomy conviction, unanimously affirmed.

The court properly admitted outcry testimony from various individuals. Regarding the first incident in question, in light of the victim's young age and expressed fear of retribution if she disclosed the sexual attack, the complainant's report to her best friend, made the day following this incident, constituted prompt outcry that was properly admitted as an exception to the hearsay rule (*People v Vanterpool*, 214 AD2d 429, *lv denied* 86 NY2d 875). The same principles apply to the complainant's report to a trusted adult, made during the week following the second and third attacks (*supra*; *People v Fabian*, 213 AD2d 298, 299, *lv denied* 85 NY2d 972). We have considered and rejected defendant's remaining arguments on this subject.

The court was not obligated to give the particular jury instruction requested by defendant in connection with consideration of prompt outcry testimony. In any event, the court's thorough and comprehensive charges regarding credibility issues assured that the jury was apprised of the governing principles. A fair reading of the record establishes defendant's lack of preservation of his current claim that the court erred in failing to instruct the jury regarding consideration of delayed outcry in connection with the charged crimes (*see, People v Yeaden*, 156 AD2d 208, *lv denied* 75 NY2d 872), and we decline to review this claim in the interest of justice. Were we to review the claim, we would find that no such charge was warranted by the evidence. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.