■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON WHITE, Appellant. [707 NYS2d 456] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered

September 16, 1998, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7 years, and judgment, same court (Budd Goodman, J.), rendered September 24, 1998, convicting defendant, upon his plea of guilty, of violation of probation, and resentencing him to a concurrent term of 4 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

The court properly denied defendant's request to receive the Criminal Court complaint in evidence. The complaint was signed by the arresting officer and contained a factual allegation, purportedly derived from the victim, that was inconsistent with the victim's trial testimony with respect to which of the two perpetrators committed certain acts. When confronted with the alleged inconsistency on cross-examination, the victim denied making any such statement to the officer. Since the victim did not sign or prepare the complaint, the complaint was not admissible as a prior inconsistent statement by him (*see, People v Gooding*, 202 AD2d 375, 376, *lv denied* 84 NY2d 826). Defendant was permitted to attempt to prove the alleged oral inconsistency by asking the officer whether the victim made such a statement to him, but the officer responded negatively. When confronted with the complaint, the officer admitted that he had incorrectly relayed the victim's account of the robbery to the District Attorney's Office. To the extent that the complaint contained a prior inconsistent statement by the officer as to the victim's description of the robbery, the officer admitted his inconsistency. Therefore, the court properly exercised its discretion in denying defendant's application to introduce the complaint into evidence (*see, People v Piazza*, 48 NY2d 151, 163-165; *People v Gonzalez*, 253 AD2d 684, *lv denied* 92 NY2d 1032). Defendant's claim that the complaint was admissible under the business record exception to the hearsay rule is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no foundation in the record for receipt of the complaint under that theory (*see, Matter of Leon RR*, 48 NY2d 117, 122).

The record fails to support defendant's claim that the court prevented him from impeaching the victim through prior testimony. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.