■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FORTE, Appellant. [771 NYS2d 342]—

Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered May 24, 2000, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, and kidnapping in the second degree, and sentencing him, as a second violent felony offender, to three consecutive terms of 15 years, unanimously modified, as a matter of discretion, to the extent of directing that the sentence on the kidnapping conviction be served concurrently with the consecutive sentences on the rape and sodomy convictions, and otherwise affirmed.

The court properly denied defendant's speedy trial motion. The postreadiness 170-day period that began on January 4, 1999, which is dispositive of the CPL 30.30 issue, was excludable except for the 28 days conceded by the People. The conducting of scientific tests did not affect their pre-existing readiness to proceed, and there is no basis for finding that the entire pe-

riod was attributable to the People, irrespective of the reasons for each of the adjournments in question (*see People v Anderson*, 66 NY2d 529, 536 [1985]). Most of these adjournments resulted from defendant's refusal to submit to security procedures, thus preventing his being produced in court, from motion practice engendered by this refusal and by his refusal to provide hair samples (*see People v Bruno*, 300 AD2d 93, 95 [2002], *lv denied* 100 NY2d 641 [2003]), and from defense counsel's unavailability (*see People v Jenkins*, 286 AD2d 634 [2001], *lv denied* 97 NY2d 683 [2001]).

Defendant's constitutional right to a speedy trial was not violated (*see People v Taranovich*, 37 NY2d 442 [1975]). In particular, as noted, much of the delay is attributable to defendant, and he has failed to show that his ability to defend was prejudiced by the delay.

The outbursts by the complaining witness did not provide a basis for the drastic remedy of a mistrial, since the jury is presumed to have followed the court's prompt and effective curative instructions (*see People v Davis*, 58 NY2d 1102, 1104 [1983]; *People v Santiago*, 52 NY2d 865 [1981]).

Under the circumstances here present, the sentence on the kidnapping conviction should run concurrently with the consecutive sentences on the rape and sodomy convictions.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.