**UNITED STATES of America,**
Appellee,

v.

**Clive F. HYMAN, Defendant–Appellant.**

No. 04–1460.

United States Court of Appeals, Second Circuit.

April 21, 2005.

Jon P. Getz, Muldoon & Getz, Rochester, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, Western District of New York (Michael A. Battle, United States Attorney, Western District of New York), for Appellee.

Present: OAKES, JACOBS, and STRAUB Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is **AFFIRMED** as to the conviction and the case is **REMANDED** for sentencing proceedings consistent with *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Clive Hyman appeals from a March 9, 2004 judgment of conviction entered in the United States District Court for the Western District of New York (Siragusa, *J.*). Hyman was found guilty after a jury trial of: [i] unlawful possession with intent to distribute of 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and [ii] unlawful possession with intent to distribute of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He was sentenced pursuant to the United States Sentencing Guidelines to concurrent terms of 188 months imprisonment on each count. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ 1. Viewing the evidence in the light most favorable to the government, *United States v. Reyes*, 157 F.3d 949, 955 (2d Cir.1998) (quoting *United States v. Brown*, 937 F.2d 32, 35 (2d Cir.1991)), there was clearly sufficient evidence to sustain Hyman's conviction. Although "mere presence" is insufficient to establish possession, *United States v. Rios*, 856 F.2d 493, 496 (1988), Hyman told the police that he lived in the apartment in which the drugs were found; he is the only occupant who could be the "man in red" observed by the police trying to throw a plastic bag out of the

window, and at least one of the several packages containing narcotics recovered from the apartment looked like the one held by the "man in red." The jury clearly could have found the officer's testimony credible and drawn the reasonable inference that Hyman was in possession of the drugs. This challenge is therefore without merit.

■ 2. Before trial, Hyman moved, *inter alia*, for disclosure of the identity of a confidential informant whose account of having purchased drugs from someone in the apartment led to the issuance of the warrant pursuant to which police entered that apartment and arrested Hyman. The motion was denied at the start of trial. Moreover, Hyman's counsel was not allowed to reference in his opening statement a description by the informant of the person from whom he had purchased drugs, a description bearing no resemblance to Hyman (or anyone else in the apartment at the time of the bust). The court revisited the motion and granted it— too late, according to Hyman.

We review the district court's decisions as to disclosure of the identity of confidential informants for abuse of discretion. *United States v. Flaharty*, 295 F.3d 182, 202 (2d Cir.2002). To obtain a new trial on these grounds, it must be shown that disclosure of the confidential informant would have been essential to the defense and that failure to disclose deprived the defendant of his right to a fair trial. *Id.* Disclosure of a confidential informant is not mandatory where that informant merely may have cast doubt on the credibility of a government witness. *See United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.1988). Hyman cannot make the necessary showings.

The presence at another time of another unidentified man in the apartment does not logically subvert the government's

proof that Hyman was the "man in red" who possessed the drugs.

3. A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's conduct "fell below an objective standard of reasonableness," and (2) this incompetence caused prejudice to the defendant. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An attorney is presumed to be competent, and "the burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984). Though claims of inadequate counsel are not normally considered on direct appeal, *United States v. Morris,* 350 F.3d 32, 39 (2d Cir. 2003), here the record is fully developed, and both parties urge the court to decide the issue, which we now do as its "resolution is beyond any doubt" and "to do so [is] in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks and citations omitted).

■ Hyman argues that, upon learning of the identity of the confidential informant, counsel erred by declining to call the informant to the stand. The decision of whether or not to call a particular witness is a matter of trial strategy, which this Court will not generally second guess. *United States v. Schmidt,* 105 F.3d 82, 83 (2d Cir.1997). The record is clear that the confidential informant was not called because he had indicated he would not participate in a pre-testimony interview. The inability to speak to a witness prior to his testifying and the risks involved in having such a witness testify present sound tactical reasons for an attorney to decline to call that witness. Hyman also urges that his counsel should not have relied on the sworn testimony of a government agent that the informant was not willing to be

interviewed. We cannot say that reliance on this information was "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88. Additionally, for the reasons discussed above, the failure to include this witness does not present a "reasonable probability" that "the result of the proceeding would have been different" had counsel instead interviewed him and included his testimony. *Id.* at 694.

■ 4. Hyman also challenges the enhancement of his sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), on the ground that the enhancement, based on a factual finding by the judge on a preponderance of evidence, was unconstitutional because the jury acquitted him on the charge of unlawful possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). In light of the Supreme Court's recent opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this case must be remanded to the district court for proceedings consistent with this Circuit's recent decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

For the foregoing reasons, the judgment of conviction is hereby AFFIRMED and the case is REMANDED for further sentencing proceedings consistent with *Booker* and *Crosby.*