■ The People of the State of New York, Respondent, v Wilfredo Rodriguez, Appellant. [826 NYS2d 259]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered July 24, 2003, convicting defendant, after a jury trial, of robbery in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of seven years and three years, respectively, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed. Order, same court and Justice, entered on or about March 16, 2006, denying defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court sufficiently instructed the jury on the subject of inconsistencies in testimony. Since the inconsistencies at issue on appeal were essentially inconsistencies between the victim's testimony and that of the responding officer concerning the victim's description of the robber, the court was not required to instruct the jury on prior inconsistent statements by a witness (*see People v Gooding*, 202 AD2d 375 [1994], *lv denied* 84 NY2d 826 [1994]). In any event, defense counsel focused in summation on the alleged discrepancy in descriptions, and nothing in

the court's charge could have misled the jury as to the significance of this issue.

After a thorough hearing, the court properly denied defendant's CPL 440.10 motion claiming ineffective assistance. The record establishes that defendant was not deprived of effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]) by trial counsel's failure to interview the detective who conducted a photographic identification procedure, or to call him as a witness. Counsel testified at the hearing that she believed, from her experience, that it was unlikely that the detective would agree to be interviewed. Even if we were to find that counsel should have attempted to speak to the detective, we would find no prejudice to defendant, because the detective's hearing testimony establishes that he would have declined the interview. Furthermore, as counsel testified, she had legitimate strategic reasons for not calling the detective as a witness. Counsel reasonably believed that the detective's testimony, on matters relating to how the victim described the robber, could have been more harmful than helpful, particularly in light of the legal limitations on examination and impeachment of one's own witness, and the unpredictability of the testimony. "The inability to speak to a witness prior to his testifying and the risks involved in having such a witness testify present sound tactical reasons for an attorney to decline to call that witness" (*United States v Hyman*, 128 Fed Appx 195, 198 [2d Cir 2005]). Even if we were to find trial counsel's failure to call the detective as a witness to be deficient, we would not find "a reasonable probability that, but for [the failure to call the detective], the result of the proceeding would have been different" (*Strickland*, 466 US at 694).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ. [*See* 11 Misc 3d 1067(A), 2006 NY Slip Op 50409(U) (2006).]