THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO COLEMAN, Also Known as FERNANDO COLMAN, Appellant. [832 NYS2d 219]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 5, 2003, convicting him of sodomy in the first degree (four counts), attempted sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree (six counts), and endangering the welfare of a child (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that, by reading the indictment to the jury during the preliminary instructions, and stating that such instructions were given to enable them to assess and evaluate the evidence as it was presented, the Supreme Court invited the jury to prematurely deliberate, is unpreserved for appellate review, since he failed to object to the preliminary instructions

(*see People v Brown*, 7 NY3d 880 [2006]). In any event, the contention is without merit (*see People v Harper*, 32 AD3d 16 [2006], *affd* 7 NY3d 882 [2006]; *People v Payton*, 31 AD3d 580, 581 [2006], *lv denied* 7 NY3d 850 [2006]; *People v Diaz*, 30 AD3d 436, 437 [2006], *lv denied* 7 NY3d 812 [2006]).

The defendant's contention that the court improperly permitted the complainants to testify concerning their reporting of the crimes, and as to the details of their reports, is also unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this testimony was properly admitted as prompt outcry evidence, and did not exceed the allowable level of detail (*see People v Mc-Daniel*, 81 NY2d 10, 16-18 [1993]; *Matter of Gregory AA.*, 20 AD3d 726, 727-728 [2005]; *People v Salazar*, 234 AD2d 322, 322-323 [1996]; *People v Vanterpool*, 214 AD2d 429, 430 [1995]; *People v Kornowski*, 178 AD2d 984, 984-985 [1991]).

The defendant's contentions concerning alleged bolstering testimony and the court's jury charge concerning the outcry evidence, are unpreserved for appellate review and, in any event, without merit. His contentions that his cross-examination of the People's expert witness was improperly limited, and that he was denied effective assistance of counsel, are without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.