08-5283-pr
Forte v. LaClair

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1.  In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)."  A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ).  If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the second day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges,*
> PAUL A. CROTTY,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY FORTE,

> *Petitioner-Appellant,*

> -v.-                                                                  No. 08-5283-pr

DARWIN LACLAIR,

> *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PETITIONER-APPELLANT:**                              SALLY WASSERMAN, New York, NY.

**FOR RESPONDENT-APPELLEE:**                              CHRISTOPHER J. BLIRA-KOESLLER, Assistant District Attorney (Joseph N. Ferdenzi, Nancy D. Killian, Assistant District Attorneys, *of counsel*) Robert T. Johnson, Office of the District Attorney for Bronx County, Bronx, NY.

Appeal from a September 5, 2008 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Petitioner-appellant Anthony Forte ("defendant") was convicted after a jury trial in New York State Supreme Court, Bronx County, of Rape in the First Degree, Sodomy in the First Degree, and Kidnaping in the Second Degree. On May 24, 2000, defendant was sentenced, as a second-violent-felony offender to three determinate terms of 15 years' imprisonment, to run consecutively. The Appellate Division, First Department, modified defendant's sentence by ordering that the term for kidnaping run concurrently with the other sentences, and otherwise affirmed the state trial court judgment, in an order dated February 5, 2004. *People v. Forte*, 4 A.D.3d 123 (1st Dep't 2004). Judge Albert M. Rosenblatt of the New York State Court of Appeals denied defendant's application for leave to appeal. *People v. Forte*, 2 N.Y.3d 762 (2004).

On February 28, 2007, defendant filed *pro se* a petition in the United States District Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996), asserting that the state trial court should have ordered a mistrial based on an outburst by the victim and, defendant argued, because his appellate counsel was ineffective. The District Court referred the matter to Magistrate Ronald L. Ellis, who recommended that defendant's petition be denied in its entirety in a Report and Recommendation dated April 24, 2008 ("R&R"). Defendant filed objections to the R&R, asking that the District Court either grant a writ of habeas corpus or a Certificate of Appealability ("COA"). In an opinion and order dated September 5, 2008, the District Court denied his petition for a writ of habeas corpus and declined to issue a COA.

Defendant moved for a COA by a panel of this Court, which granted the COA on the following issue: whether appellate counsel was constitutionally ineffective for failing to appeal the trial court's denial of the motion to suppress identification testimony due to unduly suggestive pretrial identification procedures. We assume the parties' familiarity with the underlying facts and procedural history not outlined here.

We review *de novo* a district court's ruling on a petition for a writ of habeas corpus. *See, e.g.*, *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002). Pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue for any claim adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented" in state court, *id.* § 2254(d)(2). We have been reminded that "clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1), refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (quoting *Williams*).

A state court decision is "contrary to" clearly established federal law if the state court's conclusion on a question of law is "opposite" to that of the Supreme Court or if the state court reaches a different outcome than the Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Alexander*, 543 F.3d at 100 (quoting *Williams*). A state court decision "involves an unreasonable application of" clearly established federal law as determined by the Supreme Court if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the particular facts of [a defendant's] case." *Williams*, 529 U.S. at 413. A federal habeas court should not "conflat[e] 'unreasonableness' with 'clear error' . . . because '[t]he gloss of clear error fails to give proper deference to state courts.'" *Brisco v. Ercole*, 565 F.3d 80, 87-88 (2d Cir. 2009) quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "Some increment of incorrectness beyond error is required." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000). We have noted, however, "that the increment [of error beyond clear error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id.* (internal quotation marks omitted).

Under the two-prong federal standard for evaluating claims of ineffective assistance of counsel, a defendant must show (1) that his attorney's performance was deficient, and (2) that this deficiency caused him prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Appellate counsel does not have a duty to raise all colorable claims on appeal; rather, counsel should use reasonable discretion to determine which claims constitute a defendant's best arguments for obtaining a reversal of a conviction. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). We will find appellate counsel ineffective for omitting a claim only if a defendant shows that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

Defendant argues that his appellate counsel was ineffective for failing to appeal the trial court's denial of the motion to suppress identification testimony due to unduly suggestive pretrial identification procedures. Specifically, defendant claims that the photo array and pre-indictment lineup presented to the victim were suggestive because, in each identification procedure, he was featured with a scar above his left eyebrow. Defendant claims that this is significant because the victim's sister had cut the perpetrator over the left eye in a physical altercation on the evening that the victim was harmed. Defendant also deems significant the fact that when the victim viewed earlier photo arrays (prior to the one at issue here), she looked at a photo of a man who was not defendant and said that he had "similar characteristics, but . . . is not the male that had raped her." (Hearing Tr. 43, 46).

A photo array is improperly suggestive if "the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to suggest to an identifying witness that [that person] was more likely to be the culprit." *United States v. Thai*, 29 F.3d 785, 808 (2d

3

Cir. 1994) (internal quotation marks omitted); *see generally Brisco*, 565 F.3d 80 (applying the *Neil v. Biggers*, 409 U.S. 188 (1972), factors to evaluate the reliability of identification procedures). The District Court stated that it "examined the photograph of Forte used in the photo array as well as the photograph of the lineup. As the [R&R] found, no scar is discernible above Forte's eye in the photographs, and thus there is no basis for Forte's claim that the photo array and lineup were unduly suggestive." *Forte v. LaClair*, 2008 WL 4178143, at *5 (S.D.N.Y. Sept. 5, 2008). It is of no significance that the District Court did not actually see the challenged photo array as a whole[1] or the particular photo that defendant added to the record on appeal. Both the District Court and the Magistrate Judge viewed a photo of defendant that was substantially similar to the photo used in the identification array, viewed photos of the lineup, and looked at the defendant himself. The District Court did not err in finding that there was no discernible scar on defendant's eyebrow so as to make his photograph "so st[and] out from all of the other photographs as to suggest to an identifying witness that [defendant] was more likely to be the culprit." *Thai*, 29 F.3d at 808. Accordingly, defendant has not showed that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533. We agree with the District Court's conclusion that "[a]ppellate counsel's failure to raise the photo array and lineup issue therefore does not constitute deficient performance." *Forte*, 2008 WL 4178143, at *5.

Substantially for the reasons stated by the District Court in its careful and comprehensive order of September 5, 2008, we conclude that the state court's application of federal law as it pertains to the effectiveness of counsel in this case was not "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) and, therefore, defendant's claim does not support the grant of a habeas corpus petition.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

---

[1] The District Attorney's office was unable to produce the photo array—that is, a series of separate photographs or "mug shots"—at issue at the time defendant requested it for purposes of his appeal.

4