■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BERNARDEZ, Appellant. [925 NYS2d 604]—

Appeal by the defendant, by permission, from an order of the County Court, Westchester County (Zambelli, J.), dated June 28, 2010, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 3, 2008, convicting him of burglary in the second degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to CPL 440.10, "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [it] was obtained in violation of a right of the defendant under the constitution of this state or of the United States" (CPL 440.10 [1] [h]). Here, the defendant claims that the judgment of conviction was obtained in violation of his right to the effective assistance of counsel, a right guaranteed "under both the federal and the state constitutions" (*People v Bodden*, 82 AD3d 781, 783 [2011], citing US Const Amend VI; NY Const, art I, § 6 [additional citation omitted]).

In that regard, under the federal standard, to prevail on a claim of ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" (*Strickland v Washington*, 466 US 668,

688 [1984]), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694; *see People v Bodden*, 82 AD3d at 783). Under the New York State standard for the effectiveness of counsel, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Bodden*, 82 AD3d at 783). The focus of the New York standard is on "the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d 708, 714 [1998]). In that regard, the New York standard is considered to offer "greater protection than the federal test" (*People v Caban*, 5 NY3d 143, 156 [2005]) and, as such, where a defendant fails to establish that he or she was deprived of meaningful representation under the New York Constitution, the defendant's federal constitutional challenge will necessarily fail (*id.*).

Here, there is no merit to the defendant's claim that trial counsel's failure to offer into evidence the complainant's alleged prior inconsistent statements, as contained in a certain police report regarding the subject incident, deprived him of the effective assistance of counsel. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a[n] argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]). In that regard, here, as this Court implicitly concluded on the direct appeal from the defendant's judgment of conviction (*see People v Bernardez*, 63 AD3d 1174, 1175 [2009]), absent proof that the complainant signed, prepared, or verified the accuracy of the police report or any portion of the police report, the statements in the police report attributed to the complainant were not admissible as prior inconsistent statements made by her regarding the subject incident (*see People v White*, 272 AD2d 239, 240 [2000]; *People v Gooding*, 202 AD2d 375, 376 [1994]; *see also People v Rodriguez*, 36 AD3d 438, 438 [2007]). Also, under the circumstances, the police report was not admissible to demonstrate that the complainant failed to tell the police certain information about the subject incident (*see People v Keys*, 18 AD3d 780, 781 [2005]).

Further, under the circumstances, there is no merit to the defendant's claim that trial counsel was ineffective for failing to properly cross-examine the People's witnesses who testified regarding the complainant's "prompt outcry" as to why the wit-

ness failed to correct the complainant's statement to the police to the extent that the statement differed from her initial complaint, or to make an offer of proof regarding the need for such cross-examination. Trial counsel was effective in placing the credibility of both the witness and the complainant at issue when he cross-examined them concerning their respective statements (*see generally People v Grant*, 297 AD2d 350, 350 [2002]). There is also no merit to the defendant's claim that he was deprived of the effective assistance of counsel by trial counsel's failure to object, on the ground of impermissible bolstering, to the complainant's testimony that she told a certain detective the details of the subject incident since, under the circumstances, the subject testimony constituted proper background information as to the events leading up to the defendant's arrest (*see People v Arredondo*, 226 AD2d 322, 323 [1996]; *People v Vidal*, 214 AD2d 347, 348 [1995]; *see also People v Coleman*, 37 AD3d 846, 847 [2007]; *see generally People v Stultz*, 2 NY3d at 287). The defendant claims that trial counsel was ineffective for failing to object to the prosecutor's remarks during her summation suggesting that the complainant was telling the truth about the subject incident because she had repeated the same story to numerous persons, including a certain detective. Under the circumstances, the failure to object appears to have been a defense strategy to support the defendant's attempt to cast doubt on the complainant's credibility (*see People v Clark*, 222 AD2d 446, 447 [1995]; *People v Vaughn*, 209 AD2d 459, 460 [1994]).

Finally, there is no merit to the defendant's claim that he was deprived of the effective assistance of counsel by trial counsel's failure to request a limiting instruction that the "prompt outcry" evidence was admitted only to show that a complaint was made, not for its truth. Although trial counsel failed to ask for such a limiting instruction when the People introduced the "prompt outcry" evidence, ultimately, during the final jury charge, the trial court instructed the jury regarding the proper use of "prompt outcry" evidence, tracking the language of New York's Criminal Jury Instructions (CJI2d[NY] Prompt Outcry; *see People v Spicola*, 16 NY3d 441 [2011]; *see also People v Brooks*, 71 AD3d 1043 [2010]; *see generally People v Grant*, 297 AD2d at 350). Trial counsel's failure to object to the People's suggesting during their summation that the "prompt outcry" evidence was direct proof of the defendant's guilt did not constitute ineffective assistance of counsel, since it must be presumed that the jury followed the trial court's subsequent instruction to the contrary, alleviating any alleged prejudice to the defendant (*see People v Ferrer*, 245 AD2d 569, 570 [1997]; *People v Lugo*,

218 AD2d 711, 711 [1995]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.