■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SWEENEY, Appellant. [938 NYS2d 452]—

The defendant contends that there was legally insufficient evidence to support his convictions of rape in the first degree and criminal sexual act in the first degree, as the People failed to establish that the complainant was "physically helpless," an ele-

ment of those crimes as charged here (*see* Penal Law § 130.35 [2]; § 130.50 [2]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant was "physically helpless" at the time of this incident, based on, inter alia, the evidence of the complainant's inability to communicate resulting from severe intoxication (*see* Penal Law § 130.00 [7]; *People v Himmel*, 252 AD2d 273, 275-276 [1999]; *People v Ferrer*, 250 AD2d 860, 861 [1998]; *People v Cole*, 212 AD2d 822, 823 [1995]; *People v Cirina*, 143 AD2d 763 [1988]).

The defendant failed to preserve for appellate review his contention that there was legally insufficient proof of the intent element of the rape in the first degree and criminal sexual act in the first degree charges in light of proof of his intoxication (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, the contention is without merit (*see People v Park*, 12 AD3d 942, 943 [2004]; *People v Maxwell*, 260 AD2d 653, 653-654 [1999]; *People v Brown*, 226 AD2d 1108, 1108-1109 [1996]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Romero*, 7 NY3d 633, 644-645 [2006]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *see also People v Gilbo*, 52 AD3d 952, 954 [2008]).

The Supreme Court erred in admitting, under the "prompt outcry" exception to the hearsay rule, certain testimony regarding a complaint made by the victim (*People v Rosario*, 17 NY3d 501, 513 [2011]; *see People v Allen*, 13 AD3d 892, 894-895 [2004]; *see also People v Workman*, 56 AD3d 1155, 1157 [2008]). However, that error was harmless, as the evidence of guilt was overwhelming, and there is no significant probability that the error contributed to the verdict of guilt under these circumstances (*see People v Rice*, 75 NY2d 929, 932 [1990]; *People v Crimmins*, 36 NY2d 230, 242 [1975]).

Viewing the record as a whole, we find that there is no merit to the defendant's claim that he was denied the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Mc-*

*Call*, 75 AD3d 999, 1002 [2010]; *see also People v Colville*, 79 AD3d 189 [2010], *lv granted* 17 NY3d 793 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.