Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered March 1, 2011, convicting him of criminal sex act in the second degree (20 counts), criminal sex act in the third degree (15 counts), and endangering the welfare of a child (2 counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant stands convicted of engaging in criminal sex act with two teenage brothers, ages 14 and 16. The defendant acknowledged in statements to the police that he engaged in religious rituals with the brothers while they were alone with him in his bedroom, but denied that those rituals involved sexual contact. Both brothers testified in detail as to the sexual contact to which the defendant subjected them during those rituals.
Hearsay statements by the brothers’ mother that the brothers complained of the sexual contact to her months after the first instances of such sexual contact were not, under the circumstances of this case, admissible pursuant to the “prompt outcry” exception to the hearsay rule (People v Rosario, 17 NY3d 501, 513 [2011]). However, the admission of those statements into evidence did not deprive the defendant of his right to confrontation because the brothers testified at trial, confirmed that they made those statements to their mother, and were subject to cross-examination (see Crawford v Washington, 541 US 36, 59 n 9 [2004]; People v Linton, 21 AD3d 909 [2005]; People v Nunez, 7 AD3d 298, 299 [2004]; People v Holland, 11 Misc 3d 141 [A], 2006 NY Slip Op 50689[U] [2006]). The error in admitting the hearsay evidence was harmless, as the evidence of guilt was overwhelming, and there is no significant probability that the error contributed to the verdict of guilt under the circumstances of this case (see People v Sweeney, 92 AD3d 810, 811 [2012]).
*1066 The admission into evidence of certain testimony of an examining nurse did not deprive the defendant of a fair trial, in view of the trial court’s prompt curative instructions, which minimized any prejudice (see People v Santiago, 52 NY2d 865 [1981]).
Contrary to the defendant’s contention, under the circumstances of this case, any error with respect to the admission of the testimony of an adult who participated in the defendant’s rituals on other occasions was also harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Castro, 261 AD2d 553, 554 [1999]).
The defendant’s contention that a sworn juror was improperly discharged from the jury and replaced with an alternate is unpreserved for appellate review and, in any event, without merit (see CPL 270.35 [2] [a]; People v Jeanty, 94 NY2d 507, 517 [2000]; People v Ballard, 51 AD3d 1034, 1036 [2008]).
The defendant’s contention that his sentence was imposed in retaliation for his decision to reject a plea agreement and proceed to trial is without merit (see People v Hernandez, 88 AD3d 907 [2011]). Skelos, J.P, Florio, Lott and Miller, JJ., concur.