■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY PRUITT, Appellant. [951 NYS2d 515]—

Defendant failed to preserve, or affirmatively waived, each of his challenges to the hearing and trial court's evidentiary and *Sandoval* rulings, and his related claims regarding the absence of limiting instructions, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits, with the following exceptions. While the court properly admitted testimony by two witnesses under the prompt outcry exception to the hearsay rule (*see People v Parada*, 67 AD3d 581, 582 [1st Dept 2009], *affd* 17 NY3d 501 [2011]), we find that the victim's statement to her teacher, many years after the events in question, was inadmissible, but that the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The absence of limiting instructions regarding the prompt outcry evidence and evidence of an uncharged crime was likewise harmless.

Defendant asserts that his counsel rendered ineffective assistance by expressly waiving or failing to raise the issues that defendant raises on appeal. Although defendant raised his ineffective assistance claim in a CPL 440.10 motion, that motion was denied, as was his motion for leave to appeal to this Court (*see* CPL 450.15 [1]; 460.15). Accordingly, our review is limited to the trial record.

To the extent the trial record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown "the absence of strategic or other legitimate explanations" for counsel's alleged deficiencies (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see also People v Taylor*, 1 NY3d 174, 177 [2003]). Furthermore, defendant has not shown that any of these alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or col-

lectively, they deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice. In particular, we note that the prompt outcry evidence provided by the victim's mother and boyfriend was admissible, and that objections to this testimony would have been futile. Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.