■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COLEMAN, Appellant. [982 NYS2d 784]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed February 8, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered November 10, 2011, convicting him of rape in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two counts of rape in the third degree in connection with an incident in his home involving the complainant, who was then 15 years old. At trial, the Supreme Court admitted testimony regarding the complainant's "outcry" several days later, to various people. The defendant contends on appeal that some of the outcry testimony was not admissible at all and that some of it went beyond the permis-

sible bounds of "outcry," in that it went to the details of the incident, rather than merely the nature of the complaint (see *People v Rosario*, 17 NY3d 501, 512 [2011]; *People v McDaniel*, 81 NY2d 10, 17-18 [1993]). The defendant's claim is, in part, unpreserved for appellate review (see CPL 470.05 [2]; *People v Batista*, 92 AD3d 793, 793 [2012]). In any event, to the extent that the outcry evidence was improper in scope or extent, the error in admitting the testimony was harmless. The evidence of the defendant's guilt was overwhelming, and there is no significant probability that, absent the error, the defendant would have been acquitted (see *People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Leon*, 98 AD3d 1065, 1065 [2012]; *People v Sweeney*, 92 AD3d 810, 811 [2012]).

Furthermore, the defense counsel's failure to object to some of the allegedly improper outcry testimony did not constitute ineffective assistance of counsel (see *People v Hanson*, 100 AD3d 771, 772 [2012]). Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.