■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIRU UMOJA, Appellant. [993 NYS2d 773]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered December 18, 2012, convicting him of promoting prison contraband in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), was a provident exercise of discretion (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Smith*, 63 AD3d 1301, 1303-1304 [2009]; *People v McLaurin*, 33 AD3d 819, 820 [2006]).

The trial court erred in allowing an investigator to testify regarding oral admissions made to him by the defendant of prior instances in which the defendant smuggled prison contraband (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Molineux*, 168 NY 264, 291 [1901]; *People v Littlejohn*, 112 AD3d 67, 76 [2013]). However, that error was harmless, since there was overwhelming evidence of the defendant's guilt and no significant probability that the error affected the jury's verdict (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Araujo*, 101 AD3d 741, 742 [2012]). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.