■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO CABAN, Appellant. [6 NYS3d 73]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered September 6, 2011, convicting him of a course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the trial court improperly admitted "prompt outcry" testimony, and that its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) deprived him of a fair trial. We disagree.

Evidence that a sexual assault victim promptly complained about the incident is admissible to corroborate the allegation that an assault took place (*see People v Rice*, 75 NY2d 929, 931 [1990]; *People v Deitsch*, 237 NY 300, 304 [1923]). "An outcry . . . is prompt if made 'at the first suitable opportunity' (*People v O'Sullivan*, 104 NY 481, 486 [1887]), and 'is a relative concept dependent on the facts' (*People v McDaniel*, 81 NY2d 10, 17 [1993]" (*People v Shelton*, 1 NY3d 614, 615 [2004]). "There can be no iron rule on the subject. The law expects and requires that it should be prompt, but there is and can be no particular time specified" (*Higgins v People*, 58 NY 377, 379 [1874]). "[W]hat might qualify as prompt in one case might not in another" (*People v McDaniel*, 81 NY2d at 17).

Here, the trial court permitted testimony concerning the victim's first "outcry" to a friend which occurred approximately one year after the abuse had ended, as well as testimony that she informed her mother about the defendant's conduct approximately three years after the last alleged incident. Under all of the circumstances of this case, including the victim's young age, and the fact that she lived with the defendant dur-

ing the relevant period, the trial court properly admitted evidence of the victim's outcry to her friend (*see People v McDaniel*, 81 NY2d at 16; *People v Shelton*, 1 NY3d 614 [2004]; *People v Rosario*, 100 AD3d 660, 661 [2012]; *People v Lapage*, 57 AD3d 1233 [2008]; *People v Stuckey*, 50 AD3d 447, 448 [2008]; *People v Coleman*, 37 AD3d 846 [2007]; *People v Aguirre*, 262 AD2d 175 [1999]). Although the testimony regarding the victim's disclosure to her mother, three years after the events in question, cannot be considered "prompt outcry" and was, thus, inadmissible, such error was harmless (*see People v Pruitt*, 99 AD3d 413, 413 [2012]). The evidence of the defendant's guilt was overwhelming, and there is no significant probability that, absent the error, the defendant would have been acquitted (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Cross*, 116 AD3d 708, 709 [2014]; *People v Leon*, 98 AD3d 1065, 1065 [2012]; *People v Sweeney*, 92 AD3d 810, 811 [2012]). In addition, the court gave a proper "prompt outcry" instruction to the jury (*see People v Green*, 108 AD3d 782, 785 [2013]; *People v Bernardez*, 85 AD3d 936, 938 [2011]).

Contrary to the defendant's contention, the trial court's *Sandoval* ruling was a provident exercise of its discretion, and the defendant was not deprived of a fair trial (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Sandoval*, 34 NY2d 371 [1974]; *People v Umoja*, 121 AD3d 920 [2014]; *People v Smith*, 63 AD3d 1301, 1303-1304 [2009]; *People v McLaurin*, 33 AD3d 819, 820 [2006]). Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.