■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ROBERTS, Also Known as CYPRESS ROBERTS, Appellant. [44 NYS3d 53]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Iliou, J.), rendered December 18, 2013, convicting him of criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court erred in allowing the detective who interviewed the complainant to testify that, in her opinion, the complainant had "exhibited true signs of somebody at this point who was a victim." Shortly before expressing that opinion, the detective had testified that the complainant was upset and crying throughout the interview. Although expert testimony may be admitted "to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Nicholson*, 26 NY3d 813, 828 [2016]; *People v Spicola*, 16 NY3d 441, 465 [2011]; *People v Taylor*, 75 NY2d 277, 293 [1990]), the fact that the complainant may have been upset and crying is not behavior that would appear unusual to the average juror (*cf. People v Carroll*, 95 NY2d at 387; *People v Taylor*, 75 NY2d at 293). Nevertheless, the court's curative instruction, issued at the beginning of the following court date, alleviated any prejudice to the defendant (*see People v Oliphant*, 117 AD3d 1085, 1087 [2014]; *People v Benloss*, 60 AD3d 686, 687 [2009]; *People v Forte*, 4 AD3d 123, 124 [2004]).

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]) and, in any event, without merit (*see People v Gordon*, 23 NY3d 643, 649 [2014]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]; *People v May*, 138 AD3d 1024, 1024-1025 [2016]) and, in any event, without merit (*see People v Muhammad*, 17 NY3d 532, 539-540 [2011]).

There is no merit to the defendant's contention that the complainant's "prompt outcry" and evidence related to it should not have been admitted. Evidence that a victim of sexual assault promptly complained about the incident is admissible to

corroborate the allegation that an assault took place (*see People v McDaniel*, 81 NY2d 10, 16 [1993]; *People v Caban*, 126 AD3d 808, 808 [2015]). "A complaint is timely for purposes of the prompt outcry exception if made 'at the first suitable opportunity' " (*People v McDaniel*, 81 NY2d at 17, quoting *People v O'Sullivan*, 104 NY 481, 486 [1887], and Jerome Prince, Richardson on Evidence § 292 [10th ed 1973]). "[P]romptness is a relative concept dependent on the facts—what might qualify as prompt in one case might not in another" (*People v McDaniel*, 81 NY2d at 17; *see People v Shelton*, 1 NY3d 614, 615 [2004]; *People v Caban*, 126 AD3d at 808). Here, the testimony of the complainant and two of her coworkers established that the complainant's outcry, made when she ran out of the room screaming, inter alia, that she had been raped, was made "at the first suitable opportunity" (*People v McDaniel*, 81 NY2d at 17 [internal quotation marks omitted]), i.e., immediately after the event she alleged had occurred. Thus, the testimony was properly admitted under the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d at 16-18; *People v Caban*, 126 AD3d at 808). The failure of the complainant's coworkers to refer to the outcry in their respective statements to the police did not render inadmissible the outcry testimony, but rather, presented an issue of fact for the jury to resolve (*cf. People v Grandsoult*, 295 AD2d 362, 363 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.