People v Cheeseboro (2018 NY Slip Op 04496)





People v Cheeseboro


2018 NY Slip Op 04496


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


817 KA 15-00163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE CHEESEBORO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 14, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law
§ 160.10 [2] [b]), arising from an incident in which he stole cash from a taxi driver while displaying what appeared to be a gun. We reject defendant's contention that Supreme Court erred in precluding him from impeaching the victim with evidence that the victim did not tell the first police officer to whom he spoke after the robbery that defendant said that he would kill the victim and take his vehicle. In the absence of evidence that the victim signed, prepared, or verified the accuracy of the first officer's police report, any statements in that report that were attributed to the victim were not admissible in evidence as prior inconsistent statements made by the victim (see People v Bernardez, 85 AD3d 936, 937 [2d Dept 2011], lv denied 17 NY3d 857 [2011]; see also People v White, 272 AD2d 239, 240 [1st Dept 2000], lv denied 95 NY2d 940 [2000]). We note that defendant did not attempt to introduce in evidence the victim's signed statement or to present testimony about prior inconsistent statements or omissions of fact by the victim from the officer who interviewed the victim after the robbery and took the victim's signed statement.
Defendant's further contention that the court's determination to preclude that impeachment evidence combined with the prosecutor's comments during summation denied him a fair trial is unpreserved for our review (see People v Carrasquillo, 142 AD3d 1359, 1359 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Smith, 129 AD3d 1549, 1549-1550 [4th Dept 2015], lv denied 26 NY3d 971 [2015]). Finally, the sentence is not unduly harsh or severe.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court