People v Corrion (2021 NY Slip Op 03531)





People v Corrion


2021 NY Slip Op 03531


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Ind No. 4463/16 3701/17 Appeal No. 13995 Case No. 2018-03560 

[*1]The People of the State of New York, Respondent,
v
Jose Corrion Also Known as Jose Carrion, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered March 2, 2018, convicting defendant, after a jury trial, of rape in the first degree (two counts), rape in the second degree (seven counts), criminal sexual act in the first degree, criminal sexual act in the second degree (five counts), sexual abuse in the first degree (three counts), sexual abuse in the second degree (three counts), course of sexual conduct against a child, endangering the welfare of a child, unlawful surveillance in the second degree (three counts), possessing a sexual performance by a child (three counts), promoting a sexual performance by a child as a sexually motivated felony (three counts) and use of a child in a sexual performance as a sexually motivated felony in the third degree (three counts), and sentencing him, as a second felony offender, to an aggregate prison term of 88 to 94 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently except for the sentences on the first-degree rape convictions, which remain consecutive, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Portions of the victim's testimony were corroborated by the testimony of other witnesses, and by videos found on defendant's cellphone.
The court properly admitted prompt outcry testimony from two of the victim's friends (see generally People v McDaniel, 81 NY2d 10, 16-17 [1993]). Defendant raped and sexually abused his niece from when she was 8 until she was 14 years old. The outcry testimony at issue occurred on a weekday when the victim was in the eighth grade after a weekend when defendant had entered her room and inappropriately touched her, which was one of numerous such incidents during the ongoing sexual abuse. Under all the circumstances, this qualified as prompt outcry evidence (see People v Rosario, 17 NY3d 501, 515 [2011]; People v Aguirre, 262 AD2d 175 [1st Dept 1999], lv denied 94 NY2d 819 [1999]). The testimony was brief, and very few details of the incidents were admitted. Any prejudice was limited by the court's instructions that the outcry testimony was not offered for the truth of what was said, but for the fact the disclosure was made, and the jury is presumed to have followed the instructions (see People v Baker, 14 NY3d 266, 274 [2010]).
We reduce defendant's sentence to the extent indicated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021