■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN BOLDEN, Appellant. [627 NYS2d 660] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered January 29, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in

the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant's claim that the prosecutor made prejudicial remarks during summation is unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Balls*, 69 NY2d 641), and we decline to review it in the interest of justice. If we were to review it, we would find that the prosecutor's comment that the police witnesses had "no motive to lie" was a fair response to the defense summation suggesting that the police made bogus drug arrests to relieve "pressure" from the community, and, as such, did not constitute impermissible vouching *(People v Robertson*, 192 AD2d 447, *lv denied* 82 NY2d 725; *see, People v Emphram*, 179 AD2d 402, *lv denied* 79 NY2d 947). We would also find that the prosecutor's repeated characterization of defendant as a liar was improper (*People v Nevedo*, 202 AD2d 183, 185), but harmless in view of the overwhelming evidence of guilt (*People v Hampton*, 211 AD2d 464, 465). Concur— Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.