■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SCOTTI, Appellant. [632 NYS2d 209] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 12, 1993, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to various remarks made by the prosecutor during trial and summation are unpreserved for appellate review. The comments the defendant now challenges either were not objected to at the trial, were the subject of only general objections asserted by the defense counsel, or were made without curative instructions being sought by the defense counsel *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Rosario,* 195 AD2d 577; *People v Okon,* 184 AD2d 664). In any event, a prosecutor has broad latitude during summation, particularly when responding to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396). For the most part, the prosecutor's remarks in the case at bar can be characterized as fair response to the defense counsel's summation, and as accurately reflecting the testimony at the trial *(see, People v Rosario,* 195 AD2d 577, *supra; People v Rivera,* 158 AD2d 723). On the few occasions where the prosecutor arguably overstepped proper bounds, the court provided curative instructions to ameliorate any prejudice that might have resulted.

The defendant's sentence was not excessive *(see, People v*

*Suitte,* 90 AD2d 80). Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.