■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant. [742 NYS2d 562] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered May 17, 2000, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To qualify for a missing witness charge, the party seeking it must make a prima facie showing that there is an uncalled witness who is believed to be knowledgeable about a material issue pending in the case, that the witness can be expected to testify favorably for the opposing party, and that such party has failed to call him or her to testify (*see People v Keen,* 94 NY2d 533, *People v Gonzalez,* 68 NY2d 424, 427-428). The Supreme Court correctly denied the defendant's application for a missing witness charge since he failed to establish that the witness was knowledgeable about a material issue pending in the case, that she was expected to testify favorably for the prosecution (*see People v Keen, supra; People v Gonzalez, supra*), and that the prosecution failed to call her.

We find unpersuasive the defendant's contention that the claims concerning alleged improper remarks made by the prosecutor during summation required reversal. Most of the remarks are not preserved for appellate review because the defendant either failed to object to the prosecutor's statements, made only a general objection, failed to request curative instructions, or moved belatedly for a mistrial (*see* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642; *People v Dien,* 77 NY2d 885, 886; *People v Medina,* 53 NY2d 951, 952; *People v Morris,* 148 AD2d 552, 553). In any event, the summation must be examined in the context of that delivered by opposing counsel, and is proper if it is responsive to arguments and issues raised by the defense (*see People v Russo,* 201 AD2d 512, 513, *affd* 85 NY2d 872; *People v Torres,* 121 AD2d 663, 664). Additionally, a prosecutor may engage in fair comment on the evidence and the inferences to be drawn therefrom (*see People v Ashwal,* 39 NY2d 105; *People v Scotti,* 220 AD2d 543; *People v Shepherd,* 176 AD2d 369, 370). The prosecutor's remarks during summation in this case did not exceed the broad bounds of rhetorical comment allowed in closing argument (*see People v Galloway,* 54 NY2d 396, 399; *People v Harris,* 209 AD2d 432). Rather, the challenged remarks constituted either fair comment upon the evidence presented (*see People v Ashwal, supra; People v Scotti, supra*), or fair response to the defense counsel's summation

(see *People v Irving,* 265 AD2d 575, 576). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.