■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIRUN HONGHIRUN, Appellant. [20 NYS3d 409]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 7, 2012, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that testimony from three witnesses, the complainant, the complainant's school counselor, and the arresting police officer did not fall within the scope of the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 16-17 [1993]), is unpreserved for appellate review, since the defendant failed to object to the testimony of which he now complains (*see* CPL 470.05 [2]; *People v Stuckey*, 50 AD3d 447, 448 [2008]; *People v Phillips*, 45 AD3d 702, 702

[2007]; *People v Leveille*, 12 AD3d 533, 533 [2004]). Moreover, this argument was waived in light of the fact that the defense elicited the same testimony on cross-examination (*see People v Stalter*, 77 AD3d 776, 776-777 [2010]; *People v Brown*, 57 AD3d 1461, 1462 [2008]; *People v Grant*, 54 AD3d 967, 967 [2008]; *People v Bryan*, 50 AD3d 1049, 1050-1051 [2008]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 146, 147 [1981]; *People v Thomas*, 131 AD3d 712, 713 [2015]).

The defendant contends that the evidence was legally insufficient to support his conviction and that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 420 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 645-646 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.