People v Park (2016 NY Slip Op 01512)





People v Park


2016 NY Slip Op 01512


Decided on March 2, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2012-05231
 (Ind. No. 248/07)

[*1]The People of the State of New York, respondent,
v
Il Park, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nicoletta J. Caferri, and Ushir Pandit of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 23, 2012, convicting him of manslaughter in the first degree, gang assault in the first degree, and gang assault in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court properly admitted into evidence a video recording and transcript of a complainant's testimony at a conditional examination (see CPL 670.10[1]; 670.20[1]; People v Arroyo, 54 NY2d 567, 577). The opportunity for cross-examination afforded to defense counsel at the conditional examination was sufficient to test the reliability of the witness and to insure the fairness of the proceeding (see People v Arroyo, 54 NY2d at 574).
The defendant's contention that the evidence was legally insufficient to establish his guilt of manslaughter in the first degree is partially unpreserved for appellate review, as he did not raise some of the specific grounds that he now raises on appeal on his motion for a trial order of dismissal made after the close of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Burgess, 75 AD3d 650; People v Rivera, 74 AD3d 993; People v Stewart, 71 AD3d 797). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt (see People v Figueroa, 143 AD2d 767). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83).
MASTRO, J.P., HALL, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court