THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MEDLIN, Appellant. [40 NYS3d 395]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered February 5, 2005, convicting defendant, after a jury trial, of three counts of rape in the first degree and six counts of criminal sexual act in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years, and order, same court and Justice, entered December 12, 2012, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

After a thorough hearing, the court properly concluded that defendant received effective assistance of counsel. Defendant asserts that his trial counsel should have called, or at least consulted, two kinds of expert witnesses. However, defendant has not shown that the alleged omissions fell below an objective standard of reasonableness, or that, viewed individually or collectively, they caused any prejudice under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Initially, we note that although the conviction rested primarily on the testimony of the victim, who was six years old at the time of the crime, her testimony was highly credible. The jury could have reasonably concluded that the victim's detailed description of sexual activity had the ring of truth and could have only been the product of actual experience, and that she had no reason to accuse defendant, her mother's boyfriend, unless he was the perpetrator.

Defendant was not deprived of effective assistance by his attorney's decision not to call a medical expert to testify on alternative causes of the two-millimeter tear in the victim's perihymenal area. At the CPL 440.10 hearing, defendant's medical expert agreed with the People's expert that physical

findings do not stand alone in forming a diagnosis of sexual abuse, but must be taken together with medical history, including statements from the child and caretakers. Here, the victim's credible testimony was consistent with the medical history used to formulate the diagnosis of sexual abuse. Under these circumstances, it is unlikely that the proffered medical expert testimony would have been helpful to the defense. While it might have been reasonable to call a medical expert, the actual strategy adopted by the defense at trial—to appeal to the jury's common sense in arguing that a sexual assault by a grown man on a six-year-old girl would have resulted in significant trauma, and not merely a two-millimeter tear—was also objectively reasonable. Moreover, this was part of a coherent and legitimate overall defense strategy. In any event, defendant has not demonstrated a reasonable probability that calling a medical expert would have affected the outcome.

Defendant was likewise not deprived of effective assistance by his trial counsel's failure to call an expert to attempt to discredit the People's expert psychologist's testimony on child sexual abuse syndrome. The People's expert simply explained that child sex abuse victims frequently delay disclosure of the abuse. Such testimony is generally accepted by New York courts when introduced for that purpose, so long as it is not used to prove that the abuse actually occurred (*see People v Williams*, 20 NY3d 579, 584 [2013]; *People v Spicola*, 16 NY3d 441, 466-467 [2011], *cert denied* 565 US 942 [2011]; *People v Adams*, 135 AD3d 1154, 1157 [3d Dept 2016], *lv denied* 27 NY3d 990 [2016]). Regardless of whether the particular record in *Gersten v Senkowski* (426 F3d 588, 611 [2d Cir 2005], *cert denied sub nom. Artus v Gersten*, 547 US 1191 [2006]) may have indicated that a defense expert could have discredited the People's expert in that case, here defendant made no showing that the psychologist's limited testimony would have been readily rebuttable. In the CPL 440.10 proceeding, defendant did not present an affidavit or testimony from any psychologist. In any event, regardless of whether trial counsel should have called such an expert, defendant has likewise failed to demonstrate a reasonable probability that calling the expert would have affected the outcome. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.