Appeal by the defendant from a judgment of the Supreme Court, Queens County (Módica, J.), rendered December 2, 2015, convicting him of attempted rape in the first degree (two counts), sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Contrary to the defendant’s contention, the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; see People v Romero, 7 NY3d 633, 640-641 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 The defendant’s contention that the Supreme Court erred in admitting testimony of the complainant’s outcry to her mother and grandmother is unpreserved for appellate review since no objection was raised to the admission of that testimony (see CPL 470.05 [2]; People v Renaud, 137 AD3d 818, 820 [2016]; People v Honghirun, 133 AD3d 882, 883 [2015], affd 29 NY3d 284 [2017]; People v Jean, 117 AD3d 875, 878 [2014]; People v Stalter, 77 AD3d 776, 777 [2010]). Moreover, the defendant’s contention was waived when defense counsel elicited the challenged testimony on cross-examination (see People v Renaud, 137 AD3d at 820; People v Honghirun, 133 AD3d at 883; People v Jean, 117 AD3d at 878; People v Stalter, 77 AD3d at 777), apparently as a trial strategy to use the complainant’s belated disclosure of the crimes against her to demonstrate that she was unworthy of belief (see People v Honghirun, 29 NY3d 284 [2017]).
 

 The propriety of the prosecutor’s comments during summation was, for the most part, unpreserved for appellate review, and, in any event, the prosecutor’s comments did not deprive the defendant of a fair trial. It is “the right of counsel during summation ‘to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide’ ” (People v Ashwal, 39 NY2d 105, 109 [1976], quoting Williams v Brooklyn El. R.R. Co., 126 NY 96, 102 [1891]; see People v Jones, 294 AD2d 517, 517 [2002]). Comments made by a prosecutor in summation are proper if they constitute a fair response to arguments raised by the defense (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Lugg, 124 AD3d 679, 680 [2015]; People v Green, 90 AD3d 948, 948 [2011]; People v Barnes, 33 AD3d 811, 812 [2006]). Further, “a prosecutor may engage in fair comment on the evidence and the inferences to be drawn therefrom” (People v Jones, 294 AD2d at 517; see People v Brown, 139 AD3d 964, 966 [2016]). However, in summation, the prosecutor must stay within the four corners of the evidence and avoid irrelevant and inflammatory comments that have a tendency to prejudice the jury against the accused (see People v Singh, 128 AD3d 860, 863 [2015]).
 

 Here, the prosecutor’s comment that the complainant should be believed because she had been interviewed by law enforcement authorities and testified before the grand jury, and because “she has never wavered,” was a fair response to the defense counsel’s argument that the complainant’s account was not plausible, and may have involved “implanted memories.” The prosecutor’s statement that the complainant had no motive to lie was a fair response to the defense counsel’s argument in summation that “any little thing could set a kid off” based upon small or big grievances (see People v Marcus, 112 AD3d 652 [2013]; People v Bolden, 216 AD2d 45 [1995]; People v Glenn, 140 AD2d 623 [1988]). The prosecutor’s argument that there was no evidence of any reason for the prosecution witnesses to lie was improper (see People v Singh, 128 AD3d at 863), but under the circumstances of this case, it did not deprive the defendant of a fair trial. Similarly, the prosecutor’s comments that the complainant would forever associate the end of her mother’s pregnancy with the defendant’s sexual abuse were designed to appeal to the jury’s sympathy and were, therefore, improper (see People v Casiano, 148 AD3d 1044, 1045 [2017]; People v Redd, 141 AD3d 546, 550 [2016]; People v Singh, 128 AD3d at 864), but did not deprive the defendant of a fair trial. Moreover, under the circumstances of this case, the cumulative effect of the errors noted above did not deprive the defendant of a fair trial.
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.