Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 21, 2015, convicting him of criminal sexual act in the first degree (three counts), attempted rape in the first degree, sexual abuse in the first degree, attempted sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Evidence that a sexual assault victim promptly complained about the incident is admissible to corroborate an allegation that an assault took place (see People v McDaniel, 81 NY2d 10, 16 [1993]). An outcry is prompt if made “ ‘at the first suitable opportunity’ ” and is “a relative concept dependent on the facts” (id. at 17, quoting People v O’Sullivan, 104 NY 481, 486 [1887]). “There can be no iron rule on the subject. The law expects and requires that it should be prompt, but there is and can be no particular time specified” (Higgins v People, 58 NY 377, 379 [1874]). “[W]hat might qualify as prompt in one case might not in another” (People v McDaniel, 81 NY2d at 17).
 

 Here, the trial court permitted testimony concerning one of the defendant’s victim’s first “outcry” to her parents approximately 4V2 years after the abuse had ended. According to the victim, the abuse occurred around the time of her seventh birthday. Under all of the circumstances of this case, including the victim’s young age, the ongoing and familial relationship between the victim and the defendant, the defendant’s warning not to tell anyone, and the victim’s fear of making the complaint sooner, the trial court properly admitted evidence of the victim’s outcry to her parents (see People v Shelton, 1 NY3d 614 [2004]; People v Ortiz, 135 AD3d 649, 650 [2016]; People v Lapi, 105 AD3d 1084, 1088 [2013]; People v Bonilla, 200 AD2d 369 [1994]; cf. People v Rosario, 17 NY3d 501, 504 [2011]; People v Stone, 133 AD3d 982 [2015]; People v Caban, 126 AD3d 808, 808-809 [2015]).
 

 The defendant’s contention that the evidence supporting his convictions was legally insufficient is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Moses, 112 AD3d 447, 448 [2013]; People v Nunez, 82 AD3d 1128, 1129 [2011]). In any event, the defendant’s contention is without merit, as the challenged remarks were responsive to arguments raised by the defendant’s counsel during summation and constituted fair comment on the evidence (see People v Boyce, 54 AD3d 1052, 1053 [2008]; People v Salnave, 41 AD3d 872, 874 [2007]; People v Tucker, 27 AD3d 592 [2006]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contention is unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, without merit.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.