People v Rodriguez (2018 NY Slip Op 02243)





People v Rodriguez


2018 NY Slip Op 02243


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


1714/09 6119 6118

[*1]The People of the State of New York, Respondent,
v
Nelson Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth N. Krasnow of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 17, 2009, convicting defendant, after a jury trial, of course of sexual conduct against a child in the first degree, and sentencing him to a term of 23 years, and order, same court and Justice, entered on or about December 1, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly admitted evidence of uncharged sex offenses committed against the victim's half sister. The victim's testimony that defendant (her father) told her about these acts against his stepdaughter tended to explain his daughter's delay in reporting defendant's regular sexual conduct with her over the course of four years, and to rebut the defense attack on her credibility based on the delay (see People v Nicholson, 26 NY3d 813, 829 [2016]; People v Rosario, 34 AD3d 370, 370 [1st Dept 2004], lv denied 8 NY3d 949 [2007]). The victim's half sister was also properly allowed to testify about this matter in order to corroborate the victim's testimony (see People v Morris, 21 NY3d 588, 597 [2013]). The probative value of the challenged evidence outweighed any prejudicial effect, which was minimized by the court's limiting instruction. Moreover, any error in the court's ruling was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]).
The court properly denied defendant's CPL 440.10 motion alleging ineffective assistance of counsel. We find that counsel was effective under the federal and state standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
In his testimony at a hearing on the motion, counsel established that he reasonably chose not to cross-examine the victim about apparent inconsistencies concerning her allegations, to avoid the risks of making a negative impression on the jury by questioning the young witness too aggressively, or prompting an emotional reaction that could have enhanced the victim's credibility in the jury's mind. Given that the People's medical expert conceded that an examination of the victim did not reveal any physical signs of abuse, counsel's decision not to call a medical expert did not constitute ineffective assistance of counsel (see People v Green, 108 AD3d 782, 786 [3d Dept 2013], lv denied 21 NY3d 1074 [2013]; see also People v Medlin, 144 AD3d 426, 427 [1st Dept 2016], lv denied 29 NY3d 999 [2017]). Counsel's decision to call character witnesses, who resided in the same apartment building where defendant lived and worked, and where the incidents allegedly occurred, was based on a reasonable strategy of seeking to cast defendant in a positive light and raise doubts about whether the alleged incidents actually
occurred. We also reject defendant's remaining arguments in support of his ineffectiveness claim.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK