People v Olson (2018 NY Slip Op 04399)





People v Olson


2018 NY Slip Op 04399


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

108664

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHAD OLSON, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Carly Wolfrom of counsel), for respondent.


Lynch, J.P.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Ulster County (Williams, J.), entered July 9, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of course of sexual conduct against a child in the second degree, sexual abuse in the first degree and endangering the welfare of a child (two counts), after a hearing.
In 2013, this Court affirmed the judgment convicting defendant of the crimes of course of sexual conduct against a child in the second degree, sexual abuse in the first degree and two counts of endangering the welfare of a child committed against two child victims (110 AD3d 1373, 1374 [2013], lv denied
23 NY3d 1023 [2014]). Defendant was sentenced to an aggregate prison term of 14 years followed by 10 years of postrelease supervision (id.). In 2015, defendant moved, pursuant to CPL 440.10, to vacate his conviction, claiming, among other things, that his trial counsel was ineffective because he did not produce a qualified expert witness. Following a hearing, County Court denied the motion. With this Court's permission, defendant now appeals.
An ineffective assistance of counsel claim under the NY Constitution will fail where "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Honghirun, 29 NY3d 284, 289 [2017] [internal quotation marks and citation omitted]; see People v Rosario, 157 AD3d 988, 993 [2018]). Under the US Constitution, a defendant's right to the [*2]effective assistance of counsel is violated where "(1) his or her attorney committed errors so egregious that he or she did not function as counsel within the meaning of the [US] Constitution, and (2) that counsel's deficient performance actually prejudiced the defendant" (People v Gross, 26 NY3d 689, 693 [2016]; see Strickland v Washington, 466 US 668, 687-688, [1984]). "[O]ur state standard offers greater protection than the federal test because, under our State Constitution, even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant reversal whenever a defendant is deprived of a fair trial" (People v Honghirun, 29 NY3d at 289, [internal quotation marks, ellipsis and citation omitted]). "Because the test for attorney effectiveness is reasonable competence, not perfect representation, a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (People v Cassala, 130 AD3d 1252, 1253-1254 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 994 [2016]).
In an affidavit supporting defendant's motion, trial counsel explained that, 10 days before the trial, the People disclosed that they planned to call Don Lewittes, an expert forensic psychologist, to testify with regard to delayed disclosure of sexual abuse. At a pretrial conference, County Court denied trial counsel's motion to preclude Lewittes' testimony or, alternatively, to adjourn the trial, and directed the People to provide defendant with a transcript of the testimony given by Lewittes at a prior, similar trial. Further, trial counsel explained that his preferred expert, John Yuille, was not available to testify, so he retained a forensic psychologist, Mark Janoson, without adequate time to "properly and effectively interview" him and that Janoson may have "hurt" defendant's case.
In further support of the motion, defendant submitted an affidavit by Yuille, who explained that he would have testified that children's responses to sexual abuse are "characterized by their variety rather than their commonality" and that "[n]o particular trait or behavior can be singled out as typical of sexually abused children." Further, Yuille would have rebutted Lewittes' testimony during cross-examination that Child Sexual Abuse Accomodation Syndrome (hereinafter CSAAS) was "five-sixths accepted" in the scientific community. Although Yuille claimed that he would have testified with "more authority" than Janoson, he did not assert that Janoson's testimony was flawed.
The crux of defendant's appeal is that trial counsel was ineffective because he retained an expert less qualified than the expert he could have retained had he anticipated that the People were going to call Lewittes. At the hearing, trial counsel recalled that once he learned that the People were going to present Lewittes' testimony, he contacted a number of expert forensic psychologists. Trial counsel could not recall the discussion with Janoson in detail, but he confirmed that he would not have retained Janoson if he had learned that he was not credentialed in the area of child sexual abuse. Trial counsel testified that he thought Janoson was not a good witness because he had "odd" mannerisms during his testimony and reiterated that he did not believe he had enough time to interview Janoson prior to trial.
We find that County Court properly denied defendant's motion. Initially, it is entirely speculative to claim that Yuille would have been available to testify if trial counsel had contacted him earlier. The failure to call a particular witness will not necessarily establish a claim of ineffective assistance of counsel (see People v Mosley, 155 AD3d 1124, 1128 [2017], lv denied 31 NY3d 985 [2018]). While defendant and trial counsel may not have been wholly satisfied with Janoson's performance, Janoson was, like Lewittes, a forensic psychologist who was able to offer testimony with regard to typical and atypical behavior among sexually abused children. In addition, trial counsel was adequately informed and prepared to question Janoson and Lewittes about how different scenarios might affect the timing of a child's disclosure (compare People v [*3]Cassala, 130 AD3d at 1254).
Notably, during trial counsel's effective cross-examination, Lewittes conceded that all children are different and react differently to sexual abuse. Contrary to defendant's argument, the validity of CSAAS was not at issue during the trial (see People v Nicholson, 26 NY3d 813, 828 [2016]) nor did Lewittes even mention CSAAS during his direct testimony. Although Lewittes did testify during cross-examination that some aspects of CSAAS remained valid, he, like Yuille, confirmed that because it was not universally accepted in the scientific community, he had not testified with regard to it in more than 10 years. As such, Yuille's testimony would not have contradicted or added to the trial evidence, and we cannot conclude that trial counsel's failure to call Yuille deprived defendant of a fair trial (see People v Hobot, 84 NY2d 1021, 1024 [1995]; People v Auleta, 82 AD3d 1417, 1419-1420 [2011], lv denied 17 NY3d 813 [2011]). When "[we] view counsel's performance in its totality" without "second-guess[ing] counsel[] or assess[ing] [his] performance with the clarity of hindsight" (People v Nicholson, 26 NY3d at 831), we find that defendant received meaningful representation (see People v Medlin, 144 AD3d 426, 427 [2016], lv denied 29 NY3d 999 [2017]; People v Beckingham, 116 AD3d 1298, 1300 [2014]).
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed.