People v Gross (2019 NY Slip Op 03362)





People v Gross


2019 NY Slip Op 03362


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2007-04082
 (Ind. No. 06-00442)

[*1]The People of the State of New York, respondent,
v
Marcus Gross, appellant.


Gary E. Eisenberg, New City, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rory J. Bellantoni, J.), rendered April 5, 2007, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, course of sexual conduct against a child in the first degree and endangering the welfare of a child. The complainant was the defendant's daughter who, at the time of the alleged offenses, was between the ages of four and eight. At trial, the People presented, inter alia, the testimony of the complainant, who was then 10 years old, and the defendant's ex-girlfriend, who had witnessed and been forced to participate in the sexual conduct against the complainant. The People also presented expert medical testimony that the lack of observable physical injury to the complainant's genitals was not inconsistent with her allegations. The defendant, who contended that the lack of physical findings of injury undermined the charges against him, presented a medical expert who questioned the conclusion of the People's expert and opined that the sex acts alleged would have caused physical injury. A jury found the defendant guilty of the charges alleging crimes committed against the complainant and acquitted him of unconnected charges alleging crimes committed against his ex-girlfriend.
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) permitting the People to present evidence of prior convictions for impeachment purposes, was a provident exercise of its discretion, and the defendant was not deprived of a fair trial (see People v Smith, 18 NY3d 588, 593; People v Grant, 7 NY3d 421, 424). The court also providently exercised its discretion in permitting the People to elicit testimony regarding uncharged crimes, because the evidence was relevant background information that placed the charged conduct in context and because the probative value of that evidence outweighed the risk of prejudice to the defendant (see People v Frumusa, 29 NY3d 364, 369; People v Leonard, 29 NY3d 1, 6; People v Cass, 18 NY3d 553, 559; People v Molineux, 168 NY 264, 293). In addition, the court's limiting instruction to the jury served to alleviate any prejudice from the admission of that evidence (see People v Hankerson, 165 AD3d 1285, 1287; People v Beer, 146 AD3d 895, 896; [*2]People v Bell, 136 AD3d 838, 839).
"[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [internal quotation marks omitted]; see People v Harris, 19 NY3d 679, 685; People v Johnson, 17 NY3d 752, 753). To satisfy the requirement for a clear assurance of impartiality, "a prospective juror must, first and foremost, in unequivocal terms, expressly state that his [or her] prior state of mind concerning either the case or either of the parties will not influence [the] verdict'" (People v Warrington, 28 NY3d at 1120, quoting People v Biondo, 41 NY2d 483, 485; see People v Arnold, 96 NY2d 358, 362).
Here, although a certain prospective juror initially expressed doubt as to whether her past experiences would influence her view of the evidence, she ultimately provided an unequivocal assurance that she would fairly evaluate the evidence. Because the Supreme Court found this prospective juror's assurances credible, it had the discretion to deny the defendant's challenge for cause (see People v Arnold, 96 NY2d at 363; People v Hoffman, 122 AD3d 945; People v Williams, 107 AD3d 746, 747).
As a general rule, " evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place'" (People v Rosario, 17 NY3d 501, 511, quoting People v McDaniel, 81 NY2d 10, 16; see People v Evangelista, 155 AD3d 972; People v Caban, 126 AD3d 808). A victim's outcry is prompt if it is made " at the first suitable opportunity,'" which is "a relative concept dependent on the facts," so that "what might qualify as prompt in one case might not in another" (People v McDaniel, 81 NY2d at 17, quoting People v O'Sullivan, 104 NY 481, 486; see People v Rosario, 17 NY3d at 512-513; People v Evangelista, 155 AD3d at 972; People v Caban, 126 AD3d at 808). "The prompt outcry rule—an exception to the inadmissibility of the prior consistent statements of an unimpeached witness— permits evidence that a timely complaint was made,' but does not allow further testimony as to the details of the incident'" (People v Rosario, 17 NY3d at 511, quoting People v Rice, 75 NY2d 929, 932).
Here, the defendant failed to preserve for appellate review his contention that the complainant's outcry was not prompt (see People v Gurdon, 153 AD3d 1430; People v Honghirun, 133 AD3d 882, affd 29 NY3d 284; People v Jean, 117 AD3d 875, 878). In any event, the outcry was prompt since the complainant, who was only four years old when the abuse began and was eight years old at the time of her outcry, made the outcry while the abuse was ongoing (see People v Evangelista, 155 AD3d at 972-973; People v Caban, 126 AD3d at 808). The testimony regarding the complainant's outcry, consisting of her report that the defendant had raped her, "did not exceed the allowable level of detail" (People v McDaniel, 81 NY2d at 18).
The defendant's contention that certain remarks made by the prosecutor during her opening statement and summation were improper is without merit, as the challenged remarks were responsive to arguments raised by the defendant's counsel during summation or constituted fair comment on the evidence (see People v Hogue, 166 AD3d 1009; People v Lowe, 166 AD3d 901; People v Brooks, 165 AD3d 1280; People v Giddens, 163 AD3d 990, 991).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention regarding his proffered expert is unpreserved for appellate [*3]review and, in any event, without merit.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, either are unpreserved for appellate review (see CPL 470.05[2]; see generally People v Medina, 18 NY3d 98, 104; People v Gray, 86 NY2d 10, 19), and we decline to reach them in the exercise of our interest of justice jurisdiction, or have been waived (see People v Troche, 159 AD3d 735, 738; People v Gurdon, 153 AD3d at 1430; People v Honghirun, 133 AD3d at 883).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court