People v Carey (2021 NY Slip Op 03151)





People v Carey


2021 NY Slip Op 03151


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Ind No. 2673/16,2683/16 2673/16 2683/16 Appeal No. 13854-13855 Case No. 2018-2506,2019-266,2020-039999 

[*1]The People of the State of New York, Respondent,
v
Hubert Carey, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered July 24, 2017, as amended September 22, 2017, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years; judgment, same court (Kevin B. McGrath, Jr., J.), rendered October 5, 2017, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second violent felony offender, to a concurrent term of 1½ to 3 years; and order, same court (Hong, J.), entered on or about January 10, 2018, which denied defendant's CPL 440.10 motion to vacate the robbery conviction, unanimously affirmed.
The trial court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror who had served for many years as a prosecutor in the New York County District Attorney's Office, and had become a criminal defense attorney. His professional relationship with the District Attorney's office was generally adversarial, and his attendance at a District Attorney charity event and the occasional training sessions he conducted for that office were too minimal, in context, to support a finding of implied bias (see People v Provenzano, 50 NY2d 420 [1980]). Likewise, the court providently exercised its discretion in denying defendant's challenge for cause to a panelist who believed that she recognized defendant, but did not recall the circumstances, did not know him and never had any interaction with him. The panelist did not suggest that she had any bias, and had no relationship with defendant that would likely "preclude [her] from rendering an impartial verdict" (CPL 270.20[1][b]). Defendant did not establish any basis for his challenge to a third panelist, and to the extent the court limited the extent of voir dire, that was also within the court's discretion.
Defendant has not demonstrated that he was prejudiced by a very slight difference in wording between the court's adverse inference charge and the Criminal Jury Instructions. The charge, read as a whole, sufficiently informed the jury that it was law enforcement that destroyed a photograph of the victim's injuries.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could have reasonably concluded that the bite wounds defendant inflicted on a store security guard went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]). The evidence, including a surveillance videotape, clearly established that defendant bit the security guard and struggled with her over a backpack into which he had placed stolen merchandise, even though he ultimately abandoned the property before [*2]fleeing the store. Accordingly, the evidence established that when defendant used force, at least one of his objectives was to overcome the guard's resistance to defendant's retention of the stolen goods (see People v Gordon, 23 NY3d 643, 649-651 [2014]), even if he also intended to escape and retain his own backpack. Similarly, the court providently declined to charge the lesser included offense of petit larceny, because there was no reasonable view of the evidence, viewed most favorably to defendant, to support submission of that charge.
By failing to make specific objections, defendant has not preserved his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The two brief remarks at issue were responsive to defendant's summation arguments and did not deny him a fair trial.
We have considered and rejected defendant's claims relating to the grand jury proceeding and the CPL 440.10 motion. Because we are affirming the conviction after
trial, there is no ground for reversal of the conviction by guilty plea.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021