People v Chin (2022 NY Slip Op 03123)





People v Chin


2022 NY Slip Op 03123


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-03466
 (Ind. No. 1468/18)

[*1]The People of the State of New York, respondent,
v
Donovan Chin, appellant.


Mark Diamond, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), rendered February 28, 2020, as amended September 9, 2020, convicting him of sexual abuse in the first degree, sexual abuse in third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that there was legally insufficient evidence to support the convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the convictions. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain testimony from four witnesses did not fall within the prompt outcry exception to the hearsay rule is partially unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit. As a general rule, "'evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place'" (People v Rosario, 17 NY3d 501, 511, quoting People v McDaniel, 81 NY2d 10, 16; see People v Gross, 172 AD3d 741, 743; People v Evangelista, 155 AD3d 972). A victim's outcry is prompt if it is made "'at the first suitable opportunity'" (People v McDaniel, 81 NY2d at 17, quoting People v O'Sullivan, 104 NY 481, 486), which is "a relative concept dependent on the facts" (People v McDaniel, 81 NY2d at 17), so that "what might qualify as prompt in one case might not in another" (id.; see People v Rosario, 17 NY3d at 512-513; People v Gross, 172 AD3d at 743; People v Evangelista, 155 AD3d at 972). Here, the complainant's outcries were prompt since the complainant made them while the abuse was ongoing (see People v Rosario, 17 NY3d at 515; People v Corrion, 195 AD3d 448; People v Gross, 172 AD3d at 743).
The Supreme Court's jury charge regarding prompt outcry, which was substantially [*2]in accordance with the language contained in the pattern criminal jury instructions, was proper (see CJI2d[NY] Prompt Outcry; People v Mateo, 2 NY3d at 416 n 20; People v Grant, 170 AD3d 888, 889).
Contrary to the defendant's contention, he was not deprived of his constitutional right to present a defense by the Supreme Court's application of the Rape Shield Law (see CPL 60.42). The defendant was given ample opportunity to develop evidence at trial to support his defenses, including regarding the complainant's motive to fabricate her accusations against him (see People v Curtis, 188 AD3d 1090, 1091; People v Weberman, 134 AD3d 862; People v Simmons, 106 AD3d 1115, 1116).
The defendant was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court