People v Douglas (2022 NY Slip Op 50614(U))

[*1]

People v Douglas (Tameekah)

2022 NY Slip Op 50614(U) [75 Misc 3d 142(A)]

Decided on June 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-433 K CR

The People of the State of New York,
Respondent, 
against
Tameekah Douglas, Appellant. 

Appellate Advocates (Michael Arthus and Olivia Gee of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Solomon Neubort and Andrew S. Durham of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Abena Darkeh, J.), dated January 31, 2019. The judgment convicted defendant, upon a jury
verdict, of endangering the welfare of a child and assault in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
On March 12, 2018, defendant was arraigned on an accusatory instrument charging her with
endangering the welfare of a child (Penal Law § 260.10 [1]), assault in the third degree
(Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§
110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15) and harassment in
the second degree (Penal Law § 240.26 [1]) based on a physical altercation that took place
in a schoolyard playground on February 15, 2018. Following a jury trial, defendant was convicted
of endangering the welfare of a child and assault in the third degree. 
The 37-year-old defendant's contention that she was attempting to break up a fight [*2]between her daughter and the complainant, both 13-year-old
schoolmates, conflicts with her words and her actions at the time of the incident, as evidenced by
the video presented at trial that clearly showed defendant incapacitating solely the complainant,
e.g., holding the complainant's arms and pulling the complainant by her hair. At the same time,
defendant was encouraging her daughter to "get" the complainant and to "[p]unch her in the face"
while defendant continued to prevent the complainant from defending herself. Even assuming
arguendo that the complainant had previously bullied defendant's daughter and had initiated the
February 15, 2018 confrontation with her, defendant's actions that day were not justified, i.e.,
they were merely made "to the extent . . . she reasonably believe[d] such to be necessary to
defend [her daughter] from what . . . she reasonably believe[d] to be the use or imminent use of
unlawful physical force by such other person" (Penal Law § 35.15 [1]). Rather, they were
offensive acts meant to aid her daughter in harming the complainant. Thus, the trial evidence was
legally sufficient to support defendant's conviction, and her conviction was not against the weight
of the evidence.
Prior to the trial, during voir dire, a prospective juror informed the Criminal Court, "I know
[defense counsel]. His daughter and my son were in school together." Subsequently, during a
break in the voir dire, the court dismissed the prospective juror without informing or soliciting
input from the prosecutor or defense counsel. When defense counsel later learned of the
dismissal, still during voir dire, and questioned it, the court explained that, when the juror
"volunteered that she had a relationship, that she knew you, . . . based on the fact that she knew
one side, such that the kids had a relationship, the families had a relationship, I excused her."
Defense counsel objected to the court's sua sponte dismissal of the prospective juror and noted
that his and the juror's children had ceased being schoolmates five years earlier. No additional
information regarding what relationship, if any, the potential juror and defense counsel had
during the time their children were schoolmates, or since, appears on the record. 
Because the prospective juror and defense counsel were not related "within the sixth degree
by consanguinity or affinity," a for-cause dismissal "may" occur upon a finding that their
relationship was "of such nature that it is likely to preclude [the juror] from rendering an
impartial verdict" (CPL 270.20 [1] [c]). Here, the court's inference, arrived at on its own, that the
juror and defense counsel's "families had a relationship," after merely being informed that the
juror knew defense counsel because their kids had attended the same school, was unfounded. Of
course, upon further inquiry it may have come to light that the prospective juror's and defense
counsel's prior and/or ongoing relationship (if such existed at the time of the trial) indeed
precluded her service on the jury. However, her premature dismissal, without providing the
parties the opportunity for input, prevented development of the necessary supporting record from
taking place. The limited record before us "does not signal a relationship that would preclude
fairness on the part of [the] prospective juror," as there was no objective indication that she and
defense counsel were even "nodding acquaintances," let alone anything more (People v
Provenzano, 50 NY2d 420, 425 [1980]; see People v Carey, 194 AD3d 553 [2021];
People v Espinal, 170 AD3d 457 [2019]). Consequently, the court's dismissal of the
prospective juror was an improvident exercise of the discretion afforded it pursuant to CPL
270.20 (1) (c). However, in light of the overwhelming evidence of her guilt, this error was
harmless. 
Defendant's other appellate contentions—that the Criminal Court's preclusion of a
defense eyewitness and allowance of the prosecution to present a rebuttal case were
erroneous—even if meritorious, also are harmless in light of the clear evidence of
defendant's guilt (see People v Brown, 274 AD2d 609, 610 [2000] [preclusion of witness
testimony subject to harmless error analysis]; People v Mathure, 111 AD2d 876, 876
[1985] ["We find that the rebuttal testimony, while improperly introduced solely to impeach
defendant's credibility, was harmless error and did not deprive defendant of a fair trial"]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2022