People v Alvarez (2023 NY Slip Op 03078)

People v Alvarez

2023 NY Slip Op 03078

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 4238/17 Appeal No. 420 Case No. 2019-1521 

[*1]The People of the State of New York, Respondent,
v
Nelson Alvarez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered November 8, 2018, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.
The court providently exercised its discretion in declining defendant's request for a specific instruction that force used solely to escape does not establish robbery. The court's standard instructions on robbery, with particular reference to the definition of forcible stealing set forth in Penal Law § 160.00, adequately conveyed that principle. Furthermore, the evidence clearly established that defendant lost possession of stolen merchandise only after he had already threatened store employees with a box cutter in an effort to depart with the merchandise (see People v Gordon, 23 NY3d 643, 649-651 [2014]), and there was no reasonable view of the evidence to the contrary (see People v Carey, 194 AD3d 553, 554 [1st Dept 2021], lv denied 37 NY3d 971 [2021]).
The court provided a meaningful response to a jury note asking why store surveillance videotapes from additional camera angles were not presented at trial. The court's caution against speculation was balanced by language that the jurors should base their verdict on the evidence or lack of evidence. The instruction did not undermine defense arguments or preclude the drawing of reasonable inferences (see e.g. People v Jiovani, 258 AD2d 277 [1st Dept 1999], lv denied 93 NY2d 900 [1999]; compare People v Williams, 5 NY3d 732, 734-735 [2005]).
In any event, we find that any error regarding either of the above-discussed charging issues was harmless (see People v Crimmins, 36 NY2d 230 [1975])).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023