People v Urena (2024 NY Slip Op 05906)

People v Urena

2024 NY Slip Op 05906

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Ind. No. 3856/16 Appeal No. 2983 Case No. 2018-4545 

[*1]The People of the State of New York, Respondent,
v
Jose Urena, Defendant-Appellant.

Law Office of Stephen N. Preziosi, P.C., New York (Stephen N. Preziosi of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered May 8, 2018, as amended May 9, 2018, convicting defendant, after a jury trial, of predatory sexual assault against a child, rape in the first degree, incest in the first degree, sexual abuse in the second degree (two counts) and endangering the welfare of a child, and sentencing him to an aggregate term of 15 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the rape in the first degree conviction, dismissing that count, and otherwise affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. At trial, defendant made only a generalized motion to dismiss on the ground that the People had failed to put forward a legally sufficient case and did not move on the specific grounds he raises on appeal (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19-20 [1995]; People v Jones, 39 AD3d 312 [1st Dept 2007], lv denied 9 NY3d 846 [2007]). As an alternative holding, we reject this claim on the merits. The jury verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, ___NY3d___, 2024 NY Slip Op 05244 [2024]). The jury could reasonably have credited the victim's testimony, in which she testified that shortly before her 11th birthday, defendant, who is also the victim's father, engaged in vaginal sexual contact with her (see People v Medlin, 144 AD3d 426, 426 [1st Dept 2016], lv denied 29 NY3d 999 [2017]; see also People v Griffin, 111 AD3d 1355, 1357 [4th Dept 2013], lv denied 22 NY3d 139 [2014]). There is no basis for disturbing the jury's credibility determinations.
Defendant's contention that certain counts of which he was convicted were multiplicitous is unpreserved for our review. Nevertheless, even when a multiplicitous conviction does not increase the defendant's sentence, "the stigma of impermissible convictions endures and must be remedied" (People v Greene, 41 NY3d 950, 951 [2024]). For this reason we exercise our discretion in the interest of justice to vacate the conviction of rape in the first degree and dismiss that count of the indictment, as multiplicitous to the count of incest in the first degree (see People v Jean, 117 AD3d 875, 877-878 [2d Dept 2014], lv denied 24 NY3d 961 [2014]).
Defendant's claim that the court erred in admitting the testimony of the victim's mother as a prompt outcry witness is unpreserved. The objection before the court was largely to the perceived inconsistency between the victim's testimony that she told the mother that defendant was touching her inappropriately, and the allegations in the indictment, which involved substantially more sexual contact. Defendant's claim at trial was substantially different from the issue he raises for the first time on appeal, i.e., that the mother denied that the victim [*2]made a prompt outcry to her (see People v Darby, 196 AD3d 643, 644-645 [2d Dept 2021], lv denied 37 AD3d 1026 [2021]; CPL 470.05[2]). On the merits, we find that the victim's outcry was prompt, given her young age at the time and that the abuse was ongoing at the time of her disclosure (see People v Stuckey, 50 AD3d 447, 448 [1st Dept 2008], lv denied 11 NY3d 742 [2008]; People v Chin, 205 AD3d 819, 820 [2d Dept 2022], lv denied 38 NY3d 1070 [2022]).
By failing to object, or by making general objections, defendant failed to preserve any of his challenges to the prosecutor's violation of CPL 60.35 during the mother's trial testimony (see People v Evans, 287 AD2d 346 [1st Dept 2001], lv denied 97 NY2d 704 [2002]; see also People v Upson, 186 AD3d 1270, 1271 [2d Dept 2020], lv denied 36 NY3d 1054 [2021]). We decline to review these arguments in the interest of justice. As an alternate holding, we find that the violation of CPL 60.35 — the People's use of prior statements by the mother to impeach her testimony and refresh her recollection in a manner that disclosed the contents of the statements to the jury — was harmless. In light of the overwhelming evidence of defendant's guilt, including the victim's testimony, the prompt outcry testimony of the victim's guidance counselor, the note and drawings prepared by the victim during her meeting with the guidance counselor, and the medical evidence, there is no significant probability that the jury would have acquitted the defendant had the CPL 60.35 violation not occurred (see People v Crimmins, 36 NY2d 230, 242 [1975]; see also People v Saez, 69 NY2d 802, 804 [1987]; People v Wiggins, 170 AD3d 1204, 1205-1206 [2d Dept 2019], lv denied 34 NY3d 939 [2019]; People v Jones, 97 AD3d 696, 697 [2d Dept 2012], lv denied 19 NY3d 1027 [2012]; People v Matusak, 206 AD2d 903, 903 [4th Dept 1994], lv denied 84 NY2d 908 [1994]). Nor do we find any merit in defendant's claim that the prosecutor put the victim's mother on the stand knowing that she would deny having made or heard certain statements. Insofar as defendant asserts objections to statements made by the prosecutor in summation, defendant's counsel made only general objections and did not request further relief. Thus, his claim is unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]; People v Carey, 194 AD3d 553, 554 [1st Dept 2021], lv denied 37 NY3d 971 [2021]). On the merits, we find the prosecutor's comments to be generally responsive to counsel's summation (People v Marten, 227 AD3d 554, 554-555 [1st Dept 2024]). Ultimately, none of the prosecutor's remarks were so egregious as to require reversal (see People v D'Alessandro, 184 AD2d 114, 119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's ineffective assistance claim related to counsel's purported decision not to call expert witnesses to counter the People's expert witnesses during the trial is unreviewable on direct appeal (see People v Rivera, 71 NY2d 705, 709 [1988]). Although defendant [*3]made a CPL 440.10 motion, it was denied, and defendant did not seek leave to appeal to this Court. Accordingly, the merits of this claim may not be addressed on direct appeal (see People v Murray, 175 AD3d 1191, 1191-1192 [1st Dept 2019], lv denied 34 NY3d 1018 [2019]). In the alternative, to the extent the record permits review, we find that counsel was not ineffective (see People v Rodriguez, 159 AD3d 631, 632 [1st Dept 2018], lv denied 31 NY3d 1121 [2018]); see also People v Nicholson, 26 NY3d 813, 832 [2016]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024